## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIO BERNARD, on behalf of himself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> PHILLIPS & COHEN ASSOCIATES, LTD. and JOHN DOES 1-25, <br><br> Defendant(s). | Civil Case Number: _____ |

## **COMPLAINT - CLASS ACTION**

## **PRELIMINARY STATEMENT**

1.  Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, PHILLIPS & COHEN ASSOCIATES, LTD. ("PHILLIPS & COHEN") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## **JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.  Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## PARTIES

4. Plaintiff is a natural person, a resident of Lehigh County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5. PHILLIPS & COHEN maintains a location at 1002 Justison Street, Wilmington, Delaware 19801.

6. PHILLIPS & COHEN uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

7. PHILLIPS & COHEN uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. PHILLIPS & COHEN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## STATEMENT OF FACTS

10. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. At some time prior to July 30, 2020, Plaintiff allegedly incurred a financial obligation to MERRICK BANK CORPORATION ("MERRICK BANK") or a previous creditor.

12. The MERRICK BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

13. Plaintiff incurred the MERRICK BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

14. The MERRICK BANK obligation did not arise out of a transaction that was for non-personal use.

15. The MERRICK BANK obligation did not arise out of a transaction that was for business use.

16. The MERRICK BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. MERRICK BANK and any previous creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. On or before July 30, 2020, MERRICK BANK referred the MERRICK BANK obligation to PHILLIPS & COHEN for the purpose of collections.

19. At the time the MERRICK BANK obligation was referred to PHILLIPS & COHEN, the MERRICK BANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

20. PHILLIPS & COHEN caused to be delivered to Plaintiff a letter dated July 30, 2020. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

21. The letter was sent to Plaintiff in connection with the collection of the MERRICK BANK obligation.

22. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The July 30, 2020 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the July 30, 2020 letter.

24. Upon receipt, Plaintiff read the letter.

25. The letter provided the following information regarding the balance claimed due on the MERRICK BANK obligation:

Balance    $1,332.69

26. The letter stated in part that:

> Unless you notify this office **in writing** within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this is valid. (emphasis added)

27. Defendant's letter requires that all disputes made by Plaintiff and others similarly situated be in writing rather than verbal.

28. A consumer may effectively make a dispute to a debt collector over the telephone, including notifying the debt collector that the consumer is the victim of identity theft.

29. PHILLIPS & COHEN knew or should have known that its actions violated the FDCPA.

30. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### POLICIES AND PRACTICES COMPLAINED OF

31. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Failing to provide the notices required under the FDCPA; and

    (c)    Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

32.    Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

34.    This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from PHILLIPS & COHEN (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

35.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a.  <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a

standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  i. Whether the Defendants violated various provisions of the FDCPA;

  ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

36. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

37. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

38. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*  VIOLATIONS

39. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

40. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

42. Defendant's letters would cause the least sophisticated consumer to believe that no disputes could be made to the debt collector, except in writing.

43. The July 30, 2020 letter fails to properly inform the least sophisticated consumer of his or her rights as mandated by 15 U.S.C. § 1692g(a)(3).

44. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

45. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

46. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

47. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

48. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

49. Defendant violated the FDCPA by overshadowing and/or contradicting the notice mandated by 15 U.S.C. § 1692g(a)(3).

50. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff and others similarly situated with the proper notice required.

51. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

52. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

54. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

55. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

56. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

57. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## **PRAYER FOR DAMAGES**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable.

Dated: September 3, 2020

                                         */s/ Robert P. Cocco*
                                         Robert P. Cocco, Esq. (Pa. ID no. 61907)
                                         Law Offices of Robert P. Cocco, P.C.
                                         1500 Walnut Street, Suite 900
                                         Philadelphia, Pennsylvania 19102
                                         (215) 351-0200 telephone

# EXHIBIT A

Phillips & Cohen Associates, Ltd.
Mail Stop: 146
1002 Justison Street
Wilmington, DE 19801-5148
CHANGE SERVICE REQUESTED



**PHILLIPS & COHEN**
ASSOCIATES LTD.

Ph 866-321-2195 • TTY Dial 711 • mail@phillips-cohen.com
Office Hours: M-Th: 8am-9pm, Fri: 8am-6pm EST
Sat: 8am-12pm EST

July 30, 2020

DARIO A BERNARD
341 Florida Ave
Whitehall PA 18052-7221

Phillips & Cohen Associates, Ltd.
Mail Stop: 146
1002 Justison Street
Wilmington, DE 19801-5148

---

***PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT***

## COLLECTIONS NOTICE

Re:  Our Client/Your Creditor:   Merrick Bank Corporation
     Creditor Account #:
     PCA Reference #:
     Balance:                    $1,332.69

Dear DARIO A BERNARD:

Merrick Bank Corporation referred your account to Phillips & Cohen Associates, Ltd. in an effort to recover the outstanding amount due. We would like to help you resolve this delinquency and avoid further collection activity.

To pay the outstanding balance and resolve the delinquency, we offer the following options:

- **Mail-** Send your payment using the above coupon and the enclosed envelope. Please make checks payable to Phillips & Cohen Associates.
- **Online-** Visit **Account-Serve.com** for 24/7 access to your PCA account. Please use the last 4 digits of the above referenced Creditor Account Number when prompted.
- **Phone-** Call 866-321-2195 to make a payment or to discuss alternative payment options.

Our account specialists are available to help you during the hours of operation listed above. Thank you for your assistance with this matter.

Sincerely,
Phillips & Cohen Associates, Ltd.

** IMPORTANT CONSUMER INFORMATION **

Unless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. You must make any dispute regarding the validity of this debt in writing. By notifying this office in writing that you dispute the validity of this debt or any portion thereof within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon receipt by this office of a written request within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose.



**ACCOUNT-SERVE**
SECURE ONLINE ACCOUNT MANAGEMENT
Phillips & Cohen Associates, Ltd. • 1002 Justison Street • Wilmington, DE 19801 • 866-321-2195